UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TOWN OF CHARLTON,

                    Plaintiff,

   -against-                                  1:09-CV-00333 (LEK/DRH)

SELECTIVE INSURANCE COMPANY OF
AMERICA,

                    Defendant.

---

SELECTIVE INSURANCE COMPANY OF
AMERICA,
                  Third Party Plaintiff,

   -against-

SCHMIDT & SCHMIDT, INC., WALTER
R. SCHMIDT, and MARY ANN SCHMIDT,

                  Third Party Defendants,

---

## MEMORANDUM-DECISION AND ORDER

On February 17, 2009, Plaintiff, Town of Charlton ("Town"), filed a complaint in the Supreme Court of the State of New York, County of Saratoga ("the state action") against Defendant and Third-Party Plaintiff, Selective Insurance Company of America ("Selective"). See Dkt. No. 1 Ex. A. On March 23, 2009, Selective filed a Notice of removal pursuant to 28 U.S.C. § 1441 *et. seq.* and 28 U.S.C. § 1332(a)(1). Dkt. No. 1. On April 9, 2009, Selective filed a Third-Party Complaint against Schmidt & Schmidt, Inc., Walter R. Schmidt, Jr., and Mary Ann Schmidt (collectively, "Schmidt"). Presently before the Court is Town's Motion for the Court to abstain

from exercising jurisdiction and to remand the case to state court. Dkt. No. 7 ("Town's Mot.").

**I.     BACKGROUND**

In July 2006, Town, a municipality of the State of New York, contracted with general contractor, Schmidt, a New York domicilliary, for the construction of a town hall. See generally Mem. of Law in Supp. of Pl.'s Mot. for the Ct. to Abstain from Exercising Jurisdiction and to Remand to State Ct. (Dkt. No. 7-1) ("Town's Mem.). The construction project was divided into two phases with Schmidt to perform both. See generally Mem. of Law in Opp'n to Pl.'s Mot. for the Ct. to Abstain from Exercising Jurisdiction and to Remand to State Ct. and in Supp. of Selective's Cross-mot. to Stay the Federal Action (Dkt. No. 16-1) ("Selective's Mem."). Selective, a foreign corporation licensed to do business in New York, issued a performance bond ("the bond") for Phase I of the project, naming Schmidt as Contractor and Town as owner. Id. at 3. Schmidt allegedly failed to perform, and Town terminated the contract. Town's Mem. at 2. On January 28, 2008, Schmidt sued Town in the Supreme Court of New York, County of Saratoga for breach of contract. Id. Town responded with a counterclaim for expenses incurred as a result of Schmidt's alleged breach. Id.

On December 10, 2008, Town commenced a third-party action against Selective alleging the latter's failure to perform its obligations under the bond. Selective's Mem. at 5. Town's third-party action was withdrawn for failure to comply with state law requirements. Id. Selective was, thus, never party to the state action.

On February 17, 2009, Charlton filed a new complaint in a separate state court action, alleging Selective failed to perform under the bond and seeking damages in the sum of $850,000. Id. Selective removed this new complaint pursuant to 28 U.S.C. 1441 *et. seq.* and 28 U.S.C.

1332(a)(1).  Notice of Removal (Dkt. No. 1).  Selective then filed a third-party Complaint against Schmidt seeking indemnification if Selective were to incur loss as a result of its issuing the bond.  Dkt. No. 6.

All parties agree that there is overlap between the state action and the federal action and that Selective can be found liable to Town only if Schmidt is deemed to have breached its obligations to Town.  See generally Town's Mem.; Selective's Mem; Mem. of Law in Opp'n to Pl.'s Mot. for the Ct. to Abstain from Exercising Jurisdiction and to Remand the Case to State Ct. (Dkt. No. 14) ("Schmidt Mem").  If Schmidt is found liable, the federal action would adjudicate additional issues concerning the interpretation of the bond, an issue not in front of the state court.

On April 14, 2009, Town filed the instant Motion with this Court.  Town admits that the Court has jurisdiction over the federal action but requests that the Court abstain from exercising jurisdiction and remand the case to New York state court**.**  See generally Town's Mem.

## II.     DISCUSSION

### A.     The Abstention Doctrine

Town requests that the Court abstain from exercising jurisdiction over the federal action and thereby dismiss the case.  Town Mot. at 2.  Town alleges that, if this Court does not abstain from exercising jurisdiction over the federal action, (1) the parties may be exposed to overlapping and inconsistent liabilities in state and federal court; and (2) a second, unnecessary federal court trial would likely be required.  Pl.'s Reply Mem. of Law in Further Supp. of Pl.'s Mot. for the Ct. to Abstain from Exercising Jurisdiction and to Remand the Case to State Ct. (Dkt. No. 18) at 2.

The doctrine of abstention traditionally encompasses three categories,[1] none of which are applicable here. The Supreme Court, however, has identified a fourth, prudential category, granting district courts the right to abstain for purposes of "'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)). The Supreme Court has identified six factors ("the Colorado River factors"[2]) that district courts should consider in determining whether abstention is warranted. These are:

> (1) the assumption of jurisdiction by either court over any res or property,
> (2) the inconvenience of the federal forum,
> (3) the avoidance of piecemeal litigation, and
> (4) the order in which jurisdiction was obtained.
> ***
> (5) whether state or federal law supplies the rule of decision, and
> (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

Burnett v. Physician's Online, Inc. 99 F3d. 72 (2d Cir. 1996) (citing Bethlehem Contracting Co., v. Lehrer/McGovern, Inc., 800 F.2d 325, 327 (2d Cir. 1986)). For district courts, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a

---

[1] Traditionally, courts abstain: (1) to avoid resolution of a "federal constitutional issue that may be mooted or presented in a different posture by state court determination of pertinent state law, see, e.g., County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 189 (1959) (citations omitted); (2) where federal review of difficult issues of state law threatens state efforts to establish a coherent state policy of local concern, see e.g. Burford v. Sun Oil Co., 318 U.S. 315 (1943); or (3) where a state criminal proceeding is pending, see, e.g., Younger v. Harris, 401 U.S. 37 (1971).

[2] The Colorado River Court actually identified only four factors. The Supreme Court developed the fifth and sixth factors in Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 23-27 (1983).

mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983); see also Bethlehem 800 F.2d at 327.

Colorado River abstention is an exceptional doctrine. Colorado River, 424 U.S. at 817. "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Id. (quoting McClellan v. Garland, 217 U.S. 268, 282 (1910)). Thus, where a district court has jurisdiction over a case, it has a "virtually unflagging obligation" to exercise it. Id.

The Court has jurisdiction in the instant federal action pursuant to 28 U.S.C. § 1332(a)(1). Therefore, the Court will decline to exercise its jurisdiction only if, upon consideration of the Colorado River factors, the facts of the instant action weigh heavily in favor of abstention. For reasons discussed below, the Court finds those factors favoring abstention insufficient to relieve this Court of its "virtually unflagging obligation" to exercise jurisdiction over the federal action.

### (i)     Parallel or Concurrent Action

Before balancing the Colorado River factors, the Court must find that a concurrent or parallel state action exists. See Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998); Alliance of Am. Insurers v. Cuomo, 854 F.2d 591, 603 (2d Cir. 1988). Concurrent actions require more than "some overlap of subject matter." Alliance of Am. Insurers, 854 F.2d at 603. For an action to be "concurrent" or "parallel" the actions must be "essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp, 108 F.3d 17, 22 (2d Cir. 1997). "Similarity of parties is not the same as identity of parties." Alliance of Am. Insurers, 854 F.2d at 603; but see De Cisneros v. Younger, 871 F.2d

5

305 (2d Cir. 1989) (Abstention may be appropriate despite non-identical parties where the issues to be decided are the same).  In the instant case, the state action exists between Town and Schmidt; Selective is a party only in the federal action.  The issues to be decided in the federal and state actions are similar, but not identical, as the federal action only requires interpretation of the bond and the different phases of the construction project.

### (ii) The Colorado River Factors Do Not Warrant Abstention

Even if the Court were to find that concurrent actions exists, the strong presumption favoring the exercise of jurisdiction makes abstention inappropriate.  Town concedes, and the Court agrees, that the first two Colorado River factors, jurisdiction over property and any inconvenience posed by the federal forum, weigh against abstention. Town Mem. at 8.  Town argues, however, that the third factor, avoidance of piecemeal litigation, heavily favors abstention. Id. at 9.  The Court disagrees.

Town's argument is based largely on its concerns that if the Court does not dismiss the federal action, it could suffer from inconsistent judgments. Id.  This, Town argues, would occur if: (1) Schmidt and Selective are found liable in federal court but Schmidt is not found liable in state court, or (2) if Schmidt is found liable in state court but Schmidt and Selective are found not liable in federal court. Id.  Town's concerns can properly be allayed by staying the federal action pending the resolution of the state action. See De Cisneros, 871 F.2d 305.  By issuing a stay, the determination of whether Schmidt is liable, the threshold issue for Selective liability, would occur in state court.  If Schmidt is found liable in state court, that determination would be binding on Selective in federal court since the doctrines of collateral estoppel and res judicata apply not only to the parties to a prior court action but also to those in privity with them. See Cobb v. Pozzi, 363 F.3d 89, 113 (2d cir. 2004); Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997).  The federal action could

continue, incorporating certain state court findings, but also adjudicating issues not in front of the state court.

Even were Schmidt and Selective not in privity, the risk of inconsistent results is not dispositive in a court's decision whether to abstain. In re Asbestos Litigation, 963 F. Supp. 247, 253 (S.D.N.Y. 1997). This is particularly true, where, as here, a defendant in the federal action has not been joined in the state action. Id.

The fourth factor, the order in which jurisdiction was obtained, favors abstention. The state action was commenced first. The state action commenced slightly a year prior to the federal action and has, as a result, proceeded further. The Court does not, however, find this factor particularly weighty in the circumstances of this case.

The fifth factor, whether state or federal law provides the rule of decision, also points in favor of abstention. In the instant action, state contract and surety law is operative. Again, however, the Court does not find this factor to have great weight in the circumstances of this case. The federal courts are competent in resolving disputes grounded in state law, particularly where, as here, they do not involve complex or novel interpretations of that law. See Village of Westfield, 170 F.3d 116, 124 (2d Cir. 1999). The Court notes that diversity jurisdiction is grounded in a recognition of the federal courts' competency in this regard, and jurisdiction based on diversity should not generally provide a reason for abstention. See Bethlehem, 800 F.2d at 328.

The sixth factor, whether the state court proceeding will adequately protect the rights of the party invoking federal jurisdiction, is "more important when it weighs in favor of federal jurisdiction." Id. Thus, while this Court is fully convinced that the New York state court would adequately protect Selective's rights were it to litigate Selective's claims, this again does not

provide a justification for abstention.

For the above reasons, the Court will retain jurisdiction over the federal action.

**B.     Joinder and Consolidation of Claims**

Town asks the Court to issue an Order consolidating Town's counterclaims against Schmidt with the federal action pursuant to Federal Rule of Procedure 42, join Schmidt as a defendant pursuant to Rule 19 of the Federal Rules of Procedure, and then remand for lack of diversity jurisdiction.  Town Mem. at 12.  The Court cannot comply with Town's request.

Rule 42 stipulates that a court may join matters at issue in separate actions where the "actions before the court involve a common question of law or fact."  FED. R. CIV. P. 42(a).  In the instant case, however, there is only a single action before this Court, the federal action.  The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) with diversity of citizenship existing between Selective and Town.  The state action, however, involves purely state law issues between two New York state domicilliaries.  The Court therefore has no jurisdiction over the state action.  As such, it cannot properly join that action with the federal action over which it does have jurisdiction.  See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (3d ed., 2008); Lagudi v. Long Island R.R. Co., 1989 WL 20630 (E.D.N.Y. March 3, 1989).

**C.     Staying the Federal Action**

Charlton, Selective, and Schmidt all agree that, at minimum, the Court should stay the federal action.  Town Mem. at 13; Selective Mem. at 22; Schmidt Mem. at 12.   The parties agree that Selective's liability to Charlton is triggered only upon a threshold finding that Schmidt is liable to Charlton, and so, Charlton's counterclaim against Schmidt should be decided before the federal action proceeds.  Town Mem. at 13; Selective Mem. at 22; Schmidt Mem. at 12.

8

"The power to stay proceedings is incidental to the power of every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." Landis v. North Am. Co., 229 U.S. 248, 254-55 (1936). District courts often grant such stays where another proceeding is pending in state courts. See, e.g., Giulini v. Blessing, 654 F.2d 189 (2d Cir. 1981); Milk Driver's Union v. Dairymen League Co-op Ass'n, 304 F.2d 913 (2d Cir. 1962). In the instant action, granting a stay is appropriate because the pending state action will adjudicate threshold issues to the federal action. See Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440 (2d Cir. 1964). Granting a stay will therefore avoid "wasteful duplication of judicial resources" and will allow the Court to "hav[e] the benefit of the state court's views." Giulini, 654 F.2d at 193 (citations omitted). Therefore, the Court finds it proper to grant the parties' request to stay the federal action pending resolution of the state action.

Accordingly, it is hereby

**ORDERED**, that Plaintiff Town of Charlton's Motion for the Court to abstain from exercising jurisdiction and to remand the case to state court is **DENIED**; and it is further

**ORDERED**, that further proceedings in this case will be **STAYED** pending resolution of the state action; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties by regular mail.

**IT IS SO ORDERED**.

DATED:   February 04, 2010
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge